IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ROBERT JAMES THOMAS and )
H.L.T., Biological Minor Child, )
                                )
         Plaintiffs,            )
                                )
vs.                             )       Case No. CIV-17-0090-D
                                )
JOSEPH K. LESTER, Sheriff of    )
Cleveland County, Individually; )
JOSEPH K. LESTER, Sheriff of    )
Cleveland County, Official Capacity; )
COUNTY OF CLEVELAND COUNTY, )
OKLAHOMA; CLEVELAND COUNTY )
BOARD OF COMMISSIONERS, )
Individually; CLEVELAND COUNTY )
BOARD OF COMMISSIONERS, )
Official Capacity, )
                                )
         Defendants.            )

## REPORT AND RECOMMENDATION

**I.    Background.**

Appearing pro se, Robert Thomas (Plaintiff), a pretrial detainee at the F. Dewayne Beggs Detention Center (Detention Center),[1] brings this action under 42 U.S.C. § 1983 on his own behalf and on behalf of another, his four-year son, H.L.T. Doc. 1, at 1, 13.[2] He maintains the Detention Center's policy restricting

---

[1]    The Detention Center is located in Cleveland County.

[2]    This report cites court filings by their electronic case filing designation and pagination.

visitation to those who are at least 18 years of age violates both his and H.L.T.'s constitutional rights. *Id.* at 2. The named Defendants are Cleveland County Sheriff Joseph K. Lester, in his individual and official capacities; Cleveland County, Oklahoma; and the Cleveland County Board of Commissioners, in their individual and official capacities. *Id.* at 1. Plaintiff seeks monetary, declaratory, and injunctive relief. *Id.* at 15-16.

United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 4.

## II. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, Docs. 2, 5, the court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant immune from such relief, or any claim on which the court cannot grant relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

### III. Analysis.

#### A. H.L.T.'s claims.

Without question, Plaintiff has the right to appear pro se in this action, raising his claims on his behalf. This is not the case with H.L.T.'s claims. "A litigant may bring his own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000). *See also Fuller v. Kansas*, 324 F. App'x 713, 717 (10th Cir. 2009) (applying prohibition to 42 U.S.C. § 1983 claims brought by a pretrial detainee on behalf of himself and two other pretrial detainees noting such allegations "should be raised . . . by each individual in separate actions"). The undersigned recommends the dismissal without prejudice of any claims brought by Plaintiff on behalf of H.L.T.

#### B. Cleveland County.

Under the law of the State of Oklahoma, claims against a county must be asserted against its Board of County Commissioners. *See* Okla. Stat. tit. 19, § 4. Plaintiff names the Cleveland County Board of County Commissioners in this case, but he also names Cleveland County as a defendant. Because Cleveland County is not a proper defendant, the undersigned recommends the dismissal without prejudice of all claims against Defendant Cleveland County for failure to state a claim upon which relief can be granted.

### IV. Recommendation and notice of right to object.

For the above-stated reasons, the undersigned recommends: (1) the dismissal without prejudice of any claims brought by Plaintiff on behalf of H.L.T.; and, (2) the dismissal without prejudice of all claims against Defendant Cleveland County for failure to state a claim upon which relief can be granted.

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before May 1, 2017, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation does not terminate the referral to the undersigned Magistrate Judge.

ENTERED this 11th day of April, 2017.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE